EAST BATON ROUGE PARISH
C-736302
Filed Aug 21, 2023 3:53 PM
Deputy Clerk of Court
E-File Received Aug 21, 2023 3:39 PM

Case 3:23-cv-01334-SDD-SDJ   Document 1-5   09/20/23   Page 1 of 9

**19ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

NO. _____                                  DIV. _____

**JOSEPH BERNIARD**

**VERSUS**

**ANPAC LOUISIANA INSURANCE COMPANY**

FILED: _____              _____

**PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes petitioner, Joseph Berniard (hereinafter "Petitioner"), and files his Petition for Damages and Demand for Jury Trial against Defendant, ANPAC Louisiana Insurance Company (hereinafter "Defendant" or "ANPAC"), respectfully averring as follows:

1. Made Plaintiff herein is **JOSEPH BERNIARD**, an adult resident domiciled in the Parish of East Baton Rouge, State of Louisiana.

2. Made Defendant herein is **ANPAC LOUISIANA INSURANCE COMPANY** ("ANPAC"), a Louisiana insurer which may be served through its Registered Agent for Service of Process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

**II.  JURISDICTION AND VENUE**

3. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

4. Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42 and 23.

**III.  RELEVANT FACTS**

5. At all times relevant hereto, Petitioner owned the property located at 2333 Emmett Bourgeois Lane, Baton Rouge, Louisiana 70816.

EXHIBIT 4

6. At all times relevant hereto, Defendant provided a policy of insurance, number 17-X-840-76W-1 (the "Policy"), to Petitioner , which covered the Property against perils including hail/windstorms and provided the following coverages: $464,500 for Dwelling; $46,450 for Other Structures; $348,375 for Personal Property; $116,125 for Loss of Use; *inter alia.*

7. On or around January 24, 2023, a wind/hailstorm caused significant damages to Petitioner's Property.

8. Petitioner promptly reported the loss to Defendant, who assigned it claim number 17-A-4LF044 (the "Claim").

9. As soon as practicable, Petitioner took steps to mitigate the damages to her home at her expense to the best of her ability.

10. On or about February 25, 2023, Steven Ables of American National Property and Casualty Company inspected the property on behalf of Defendant, but after over-depreciating the loss and applying the policy's deductible, allowed Petitioner only a meager $239.05 for Petitioner's substantial and covered losses.

11. This inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

12. Petitioner was unable to make meaningful repairs to his Property with the meager proceeds allowed by Defendant.

13. Upon information and belief, Defendant failed to adequately compensate Petitioner for the loss.

14. As a result, Petitioner was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

15. On or about February 28, 2023, Exact Building Consultants, Inc. ("EBC") inspected the Property on behalf of Petitioner and documented $101,375.03 in damages to the dwelling.

16. On or about March 6, 2023, Defendant tendered a payment in the amount of $239.05 for Petitioner's substantial dwelling losses.

17. On or about March 21, 2023, Proof of Loss was submitted to Defendant by way of the EBC estimate and photo report.

18. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

19. To date, no more insurance proceeds have been forthcoming.

20. As a result of Defendant's failure to timely and adequately compensate Petitioner for their substantial losses, the Property remains in a state of disrepair and Petitioner continues to incur out-of-pocket expenses.

21. Upon information and belief, Defendant's failure to timely and adequately compensate Petitioner for his loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

22. Upon information and belief, Defendant purposely and/or negligently misrepresented to Petitioner the terms and conditions of the Policy.

23. Upon information and belief, Defendant conducted the investigation and claims handling for Petitioner's claim in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

24. Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

25. Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

26. Petitioner has incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

27. Petitioner has incurred or will incur additional living expenses as a result of the damages caused to his Property by the Hurricane Ida, including those additional living expenses that will be incurred during the repair of the Property.

### III. CAUSES OF ACTION
#### A. Breach of the Insurance Contract

28. Petitioner re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

29. An insurance contract, the Policy, exists between Petitioner and Defendant.

30. The Policy provides coverages for perils including hurricanes.

31. Despite having received satisfactory proof of loss for damages caused by Hurricane Ida, Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

32. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its inspection, Defendant breached the Policy.

33. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of its inspection, Defendant breached the Policy.

34. By failing to timely tender undisputed insurance proceeds neither after inspection or having received satisfactory proof of a covered loss by way of the Prime Claims estimate, Defendant breached the Policy.

35. By purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the Policy, Defendant breached the Policy.

36. By failing to conduct the claims handling for Petitioner's Claim in good faith and with fair dealing, Defendant breached the Policy.

37. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the Policy.

38. By failing to include adequate overhead and profit in its estimates of damages, Defendant breached the Policy.

39. Petitioner has suffered and continues to suffer damages as a result of these breaches of the Policy.

### B. Bad Faith

40. Petitioner re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

41. The actions and/or inactions of Defendant in failing to timely and adequately compensate Petitioner for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

42. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

43. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is

arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

44. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

45. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioner adequate payment in connection with their Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proof of loss from Prime Claims.

46. Defendant's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

47. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

48. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time it received the Prime Claims estimate was in bad faith.

49. Defendant's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

50. Defendant's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

51. Defendant's handling of Petitioner's Claim was in bad faith.

### IV. DAMAGES

52. Petitioner re-alleges and re-avers the allegations contained in the preceding paragraphs, above, above, as if restated herein.

53. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioner has incurred the following, non-exclusive damages:
    a. Diminution of the value of the Property;
    b. Actual repair costs;
    c. Reimbursement for personal repairs at the Property;
    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;
    e. Additional living expenses;

f.  Mental anguish;

g.  Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h.  Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

54. Petitioner requests a trial by jury.

**WHEREFORE,** Petitioner, Joseph Berniard, prays that, Defendant, ANPAC Louisiana Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioner, Joseph Berniard, and against, Defendant, ANPAC Louisiana Insurance Company, in an amount that will fully and fairly compensate Petitioner pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____
Galen M. Hair, La. Bar. No. 32865
Alaina Brandhurst La. Bar No. 35057
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.267.1736
hair@hstalaw.com
abrandhurst@hstalaw.com

**PLEASE SERVE:**
**ANPAC LOUISIANA INSURANCE COMPANY**
*Through its Registered Agent for Service of Process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

EAST BATON ROUGE PARISH
C-736302
Filed Aug 21, 2023 3:53 PM
Deputy Clerk of Court
E-File Received Aug 21, 2023 3:39 PM

Case 3:23-cv-01334-SDD-SDJ   Document 1-5   09/20/23   Page 7 of 9

**LOUISIANA CIVIL CASE REPORTING**
Civil Case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Joseph Berniard     vs.     AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY

Court: __19th JDC__     Docket Number: _____

Parish of Filing: __East Baton Rouge__     Filing Date: _____

Name of Lead Petitioner's Attorney: __Alaina Brandhurst__

Name of Self-Represented Litigant: _____

Number of named petitioners: __1__     Number of named defendants: __1__

**Type of Lawsuit:** Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

| | |
|---|---|
| ☐ Auto: Personal Injury | ☐ Auto: Property Damage |
| ☐ Auto: Wrongful Death | ☐ Auto: Uninsured Motorist |
| ☐ Asbestos: Property Damage | ☐ Asbestos: Personal Injury/Death |
| ☐ Product Liability | ☐ Premise Liability |
| ☐ Intentional Bodily Injury | ☐ Intentional Property Damage |
| ☐ Intentional Wrongful Death | ☐ Unfair Business Practice |
| ☐ Business Tort | ☐ Fraud |
| ☐ Defamation | ☐ Professional Negligence |
| ☐ Environmental Tort | ☐ Medical Malpractice |
| ☐ Intellectual Property | ☐ Toxic Tort |
| ☐ Legal Malpractice | ☐ Other Tort (describe below) |
| ☐ Other Professional Malpractice | ☐ Redhibition |
| ☐ Maritime | ☐ Class action (nature of case) |
| ☐ Wrongful Death | X Property Damage/Breach of Contract |
| ☐ General Negligence | |

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Claim for breach of insurance contract / claim for property damage
_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name __Alaina Brandhurst__     Signature __[signature]__

Address __3540 S. I-10 Service Rd. W., Suite 300, Metairie, Louisiana 70001__

Phone number: __504-267-1736__     E-mail address: __abrandhurst@hstalaw.com__

# RETURN COPY



D12084406

## CITATION

**JOSEPH BERNIARD**
(Plaintiff)

**VS**

**ANPAC LOUISIANA INSURANCE COMPANY**
(Defendant)

**NUMBER C-736302 "22"**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  ANPAC LOUISIANA INSURANCE COMPANY
THROUGH ITS AGENT FOR SERVICE:
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 22, 2023**.



*Kaelah R. Burgess*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: BRANDHURST, ALAINA E**
*The following documents are attached:
**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the ____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at ___ I made service on the named party through the

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____. CT Corporation

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

AUG 25 2023

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.  by tendering a copy of this document to

Ashley Minvielle

SERVICE: $_____
MILEAGE $_____
TOTAL: $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**DY. B. GARAFOLA #0577**
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

CITATION-2000

RECEIVED

AUG 2 3 2023

F B R SHERIFF'S OFFICE